# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 3, 2010

No. 09-40038

Charles R. Fulbruge III
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

DOMINGO ARROYO-ARIAS,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:08-CR-635-ALL

Before GARZA, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Domingo Arroyo-Arias appeals his jury trial conviction for possession with intent to distribute more than five kilograms of cocaine. Arroyo-Arias avers that, in light of the Supreme Court's decision in *Flores-Figueroa v. United States*, 129 S. Ct. 1886 (2009), the Government was required to prove beyond a reasonable doubt that he knowingly possessed the particular drug type and amount involved. Arroyo-Arias suggests that the decision in *Flores-Figueroa* calls into question our precedent that would otherwise foreclose this claim. *See,*

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-40038

*e.g., United States v. Gamez-Gonzalez*, 319 F.3d 695, 699-700 (5th Cir. 2003) (holding that proof of knowledge of the drug type or quantity is not required to sustain a conviction under 21 U.S.C. § 841(a)(1)). This court recently decided *United States v. Betancourt*, 586 F.3d 303, 308–09 (5th Cir. 2009), which held that *Flores-Figueroa* did not overturn *Gamez-Gonzales*.

Because Arroyo-Arias's success on his challenge to the sufficiency of the evidence was dependent on his argument that *Flores-Figueroa* required that the Government prove the type and quantity of controlled substance involved and because he does not contend that the Government failed to prove his knowing possession of a controlled substance, the evidence was sufficient to support his conviction. *See Gamez-Gonzalez*, 319 F.3d at 700. Arroyo-Arias admitted to border patrol agents that he knew that the vehicle that he was driving contained a controlled substance, which was concealed in a hidden compartment under the driver's side floorboard. *See United States v. Jones*, 185 F.3d 459, 464 (5th Cir. 1999) (possession of a controlled substance may be shown by control over the vehicle in which the drugs are concealed). Furthermore, the Government presented evidence that the cocaine weighed more than five kilograms. The judgment of the district court is affirmed.

AFFIRMED.